PETROPLUS, JUDGE:
Claimants, the owners of a certain tract of bottom land lying between the Guyandotte River 'and W. Va. Route 10, in Lincoln County, near Branchland, West Virginia, instituted this claim for damages in the amount of $567.88, allegedly resulting from the acts of employees of the State Road Commission in casting rocks on their property while engaged in clearing the debris of a slide that occurred on the roadway between the property and a high rock cliff. A partially exposed gas line on the property was caused to break at a joint or collar, allowing gas to escape in large quantities. The leak was detected and repaired by the employees of United Fuel *77 Gas Company 'at no cost to the Claimants, but they were charged by the Gas Company with the metered quantity of escaping gas in the amount of the claim. The line served three or four buildings under an arrangement between the Company and the Claimants that a maximum amount of free gas would be furnished and any quantities in excess thereof were to be chargeable to the Claimants. The Answer of the Respondent states briefly that it did not have sufficient information upon which to form a belief as to the truth of the allegations.
Upon the trial of the case, evidence of a circumstantial nature was introduced to the effect that a slide had occurred on the road sometime in January, 1989, partially blocking the road with debris and rocks of various sizes, some quite large and heavy, and that heavy equipment was moved to the site by the Respondent to clear the road and haul away the debris and rocks with a truck but that some of the debris and rocks were thrown over an embankment on to the property of the Claimants. Some of the rocks had rolled into and beyond the area where the gas line was located, although they did not damage another gas line running near the Claimants’ line. Some of the employees of the Respondent involved in the clearing procedures admitted that debris and rocks were thrown on the property without the consent of the owners. No one was aware of the damage to the gas line until the owners received a statement for the metered gas from the Company in the amount of $567.88. A thick growth of weeds and underbrush concealed the area where the rocks were thrown, and the sound of escaping gas could not be heard from the roadway. The claim was not brought to the attention of the Respondent until July, 1969, six months later, at which time photographs were taken and some investigation was made, and no explanation was offered why the Claimants waited so long to report and assert their claim although they were billed for the gas in February, 1969.
The only question before the Court upon this record is: Does the evidence support a finding that the Respondent’s employees ca.used the damage to the line by disposal of the waste materials on the property of the Claimants? To push waste material over a hillside on to private property is a trespass and an *78 actionable tort, without proof of negligence. Whether this invasion of the Claimants’ property rights caused the damage is a more difficult question where there is no direct evidence of the accident to the pipe.
In absence of any evidence to the contrary, we conclude that it is a reasonable inference from the circumstantial evidence presented that the damage occurred as a proximate result of the operations of the Respondent in clearing up the slide area on the road, and that casting debris on the Claimants’ property without any thought of the consequences, was a trespass that imposes a liability on the Respondent. It is the opinion of the Court that the State has a moral obligation to compensate the Claimants for their loss, and that but for the constitutional immunity of the State this claim would be sustained in the regular Courts of the State on the evidence presented.
Claim allowed in the amount of $567.88.